# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT L. EDMONDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19 CV 00067 JMB |
| | ) |
| NICOLE GREEN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff Robert L. Edmonds, a federal pretrial detainee housed at the Dunklin County Jail, to proceed in the district court without prepaying fees or costs. I find that Edmonds does not have sufficient funds to pay the entire filing fee and will waive the filing fee at this time. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, I will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Edmonds has submitted an application to proceed in the district court without prepaying fees or costs. A review of Edmonds's financial information indicates he is unemployed and his only source of income is his family. His family's contributions to his prison account are sporadic. Although Edmonds has $588.00 in cash or a bank account, he also has $200.00 in credit card debt. Additionally, he has three minor sons who are currently living with his mother. For these reasons, the Court will waive the initial partial filing fee. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay

the initial partial filing fee."). However, Edmonds is not excused from paying the filing fee.[1] The agency having custody of Edmonds will be directed to begin forwarding payments from Edmonds's inmate account, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), I am required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Id. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires me to draw on my judicial experience and common sense. Id. at 679. When reviewing a complaint under 28 U.S.C. § 1915(e), I must accept any well-pled facts as true and liberally construe the allegations.

## The Complaint

Edmonds brings this 28 U.S.C. § 1983 action against defendant Nicole Green, the Jail Administrator of the Dunklin County Jail. Edmonds alleges defendant is violating his

---

[1] A prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the court must assess and collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After paying the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). Each time the amount in the prisoner's account exceeds $10, the agency having custody of the prisoner will forward these monthly payments to the Clerk of Court until the filing fee is fully paid. Id.

constitutional rights by (1) confiscating all inmates' reading materials, and refusing to allow into the jail reading materials from outside vendors, and (2) requiring Edmonds to sleep on an unsanitary bare mat without a sheet to cover it, and only one blanket.

Edmonds claims that Ms. Green ordered all reading materials to be taken from inmates and refuses to allow any outside books or reading materials to enter the jail. Edmonds states that all books were taken away from inmates because correctional officers had been allowing a particular inmate to sneak tobacco products into the jail through books given to him during visitation. Edmonds states that this inmate has been moved, but the jail still refuses to allow reading materials to enter the jail even from outside vendors. He asserts that books received by inmates from an outside vendor pose no safety or security risk. Edmonds states his mental health has suffered, specifically that he has become distraught and anxious because he cannot occupy his mind without reading materials.

As for the bare mats, Edmonds alleges the mats are unsanitary and he has suffered from a rash on his lower back and bottom. Also, he states the mats "pose a more serious health risk," but does not identify this more serious health risk.

For relief, Edmonds wants the jail to allow inmates to acquire reading materials. He also seeks "to be given a way to prevent unnecessary contamination from unsanitary conditions as the mat presents." As to monetary damages, Edmonds seeks $25,000 for his mental suffering.

## Discussion

Edmonds's first claim, regarding Ms. Green's prohibition on all reading materials in the jail, implicates the First Amendment. An inmate has the right under the First Amendment to receive communications and correspondence by mail, however, that right is not absolute or without exceptions. An inmate "retains only those First Amendment rights that are not

inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Leonard v. Nix, 55 F.3d 370, 374 (8th Cir. 1995).

Prison regulations which impinge upon an inmate's constitutional rights are valid if they are reasonably related to legitimate penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 404 (1989). There are four factors in determining reasonableness of a prison regulation: (1) whether there is "a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it;" (2) "whether there are alternative means of exercising the right that remain open to prison inmates;" (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally;" and (4) whether there exist alternatives to accommodate the prisoner with a *de minimis* cost. Murchison v. Rogers, 779 F.3d 882, 887 (8th Cir. 2015) (quoting Turner v. Safley, 482, U.S. 78, 89 (1987)).

Liberally construed, the Court finds that Edmonds has stated a claim that Ms. Green is violating his First Amendment rights by confiscating all inmates' reading materials and not allowing any books in the jail. The Court will order the Clerk to issue service on Ms. Green.

As to Edmonds's claim regarding unsanitary mats at the jail, he must state facts demonstrating "deliberate indifference." Owens v. Scott Cty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). Specifically, to state a claim for unconstitutional prison conditions, a pretrial detainee must show that (1) the conditions of confinement pose a substantial risk of serious harm, and (2) the prison officials knew of but disregarded, or were deliberately indifferent to, the detainee's health and safety. See Crow v. Montgomery, 403 F.3d 598, 602 (8th Cir. 2005); see also Hott v. Hennepin Cty., Minn., 260 F.3d 901, 905 (8th Cir. 2001) (applying deliberate indifference standard to pretrial detainee's conditions of confinement claim). When reviewing the totality of circumstances of a pretrial detainee's confinement, the Court "focus[es] on the length of his

4

exposure to unsanitary conditions and how unsanitary the conditions were." Owens v. Scott Cty. Jail, 328 F.3d at 1027. "[I]nmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989).

Edmonds claims that he has suffered a rash on his "lower back and bottom as a result of unsanitized mats." He claims that inmates are not given sheets to cover the mats, and are refused sheets if they request them. He claims that he has been forced to endure unsanitized mats "since arriving" at Dunklin County Jail. However, Edmonds does not state that he, or any other inmate, told the prison officials about 1) his rash or 2) any risk of other harm from the mats. Without these, or other facts demonstrating that the prison officials knew about a "substantial risk of serious harm," Edmonds complaint is insufficient to state a claim concerning the mats.

Finally, Edmonds has filed a motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

Although Edmonds has presented non-frivolous claims, the Court finds the facts and legal issues involved in his case are not so complicated that appointment of counsel is warranted at this time. The Court will deny without prejudice Edmonds's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Edmonds' application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2] Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of Edmonds shall, whenever the amount in Edmonds' prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendant Nicole Green, Jail Administrator of Dunklin County Jail, as to Edmonds' First Amendment claims.

**IT IS FURTHER ORDERED** that Edmonds' claims relating to his sleeping accommodations at Dunklin County Jail are **DISMISSED without prejudice**. If Edmonds has facts demonstrating that prison officials knew of or were deliberately indifferent to a substantial risk of serious harm, he may refile his claim stating those specific facts.

**IT IS FURTHER ORDERED** that Edmonds's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3]

An Order of Partial Dismissal will accompany this Memorandum and Order.

                                                                    RODNEY W. SIPPEL
                                                                    UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2019.